IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Lamar King, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Warden Aurther Burton; Brian Sterling; )<br>Manthot, *Grievance Coordinator*,[2] )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 0:18-2856-BHH<br><br>**AMENDED ORDER**[1] |

This matter is before the Court upon Plaintiff Curtis Lamar King's ("Plaintiff" or "King") pro se action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for summary judgment on November 26, 2019, and Defendants filed a motion for summary judgment on December 20, 2019. (ECF Nos. 107 and 118, respectively.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On April 23, 2020, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. Plaintiff filed objections to the Magistrate Judge's Report and a supplement to those objections. Defendants filed a response to Plaintiff's objections, and Plaintiff filed a reply to Defendants' response. For the reasons set forth below, the Court adopts the

---

[1] The Court issues this amended order to match the spellings of "Arther" and "Manthot" in the caption to the spellings used in the amended complaint and to clarify in the conclusion that Defendant Burton is being dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

[2] The correct name of Defendant "Brian Sterling" is Bryan Stirling, and the correct name of Defendant "Manthot" is Mary Montouth. Thus, the Court refers to these Defendants as "Stirling" and "Montouth" in this order.

Magistrate Judge's Report and overrules Plaintiff's objections.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.    Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

In this action seeking monetary relief, Plaintiff asserts that he was stabbed while housed at McCormick Correctional Institution, and that the attack was the result of overcrowded prison conditions. The attack occurred on May 7, 2017, and it appears that Plaintiff filed grievances in response to the attack, but he asserts that the grievance coordinator "neglected [his] cry for help" and did not properly process his grievances. (ECF No. 12 at 6.) The Court construed Plaintiff's complaint to state a § 1983 claim for failure to protect in violation of the Eighth Amendment.

In her Report, the Magistrate Judge first considered whether service of process was properly effected on Defendant Warden Burton. The Magistrate Judge explained that Plaintiff was granted permission to proceed *in forma pauperis*, and in a March 5, 2019 order, the Court authorized issuance and service of process by the Clerk of Court on Defendants and directed the United States Marshals Service to serve the summons and amended complaint. The order advised Plaintiff to provide information sufficient to identify the defendants and explained that "[t]he United States Marshal cannot serve an inadequately identified defendant," and that "[u]n served defendants may be dismissed as parties to this case." (ECF No. 25 at 3.) When the summons for Defendant Burton was returned unexecuted on April 15, 2019, the court issued an order notifying Plaintiff of the

3

issue and providing him with a blank summons and USM-285 form, reminding him that he was responsible for providing sufficient information. (ECF No. 47.) Plaintiff responded to the Court's order by submitting service documents for Warden LeVern Cohen, the current Warden at Ridgeland Correctional Institution, but as the Magistrate Judge noted, Plaintiff's amended complaint specifically names Defendant Burton in his individual capacity, and thus, Plaintiff's attempt to substitute Warden Cohen does not remedy the failure to provide proper service documents as to Defendant Burton. Ultimately, the Magistrate Judge found that Defendant Burton should be dismissed from this matter without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because he was not timely served and because the investigative efforts of the United States Marshal were reasonable under the circumstances.

Next, the Magistrate Judge considered the merits of Plaintiff's Eighth Amendment claim. The Magistrate Judge outlined the applicable law, which imposes a duty on prison officials to protect inmates from violence at the hand of fellow inmates. *Farmer v. Brennan*, 511 U.S. 833 (1994). The Magistrate Judge explained that to proceed with his claim for deliberate indifference, Plaintiff needed to demonstrate that (1) objectively, he suffered a sufficiently serious deprivation or injury; and (2) that, subjectively, prison officials acted with a "sufficiently culpable state of mind." *Id.* at 834. The Magistrate Judge explained that the objective prong is not at issue because Defendants do not challenge whether Plaintiff suffered a sufficiently serious injury. Rather, as the Magistrate Judge explained, the subjective prong is at issue because the parties dispute whether Plaintiff can show that Defendants had knowledge of, or disregard for, an excessive risk of harm to Plaintiff.

As an initial matter, the Magistrate Judge also found that no reasonable jury could

find that Plaintiff's attack resulted from overcrowded conditions at the prison based on the evidence of record, which includes affidavit testimony from Associate Warden Burton that the institution was under capacity when Plaintiff was incarcerated there. (ECF No. 118-1 at 6-7.) Because Plaintiff did not refute Defendants' evidence on this issue, the Magistrate Judge found no genuine issue of material fact as to whether the inmate population was over its capacity at the time of the attack.

Next, the Magistrate Judge considered whether Plaintiff could demonstrate the subjective prong of the analysis, i.e., whether Plaintiff could show that any Defendant acted with knowledge of, or disregard of, an excessive risk of harm to Plaintiff. With respect to Defendant Montouth, the Magistrate Judge found that Plaintiff's claims were difficult to decipher but appeared to concern his attempts to file grievances regarding his attempts to be placed in protective custody. The Magistrate Judge thoroughly outlined the evidence of record concerning Plaintiff's filed grievances and found that the record unequivocally shows that–contrary to Plaintiff's allegations–his grievances were properly and promptly processed. The Magistrate Judge found that Plaintiff failed to present any evidence contrary to the evidence submitted by Defendants, which showed that Plaintiff was informed of the steps he needed to take and the departments he needed to contact if he wanted to be placed in protective custody, but that Plaintiff never attempted to initiate a protective custody request through the proper channels. Thus, the Magistrate Judge found that, based on the evidence of record, no reasonable jury could find that Defendant Montouth violated Plaintiff's constitutional rights.

Next, as to Defendant Stirling, the Magistrate Judge noted that any *respondeat superior* claims fail as a matter of law because personal participation of a defendant is a

5

necessary element of a § 1983 claim against a government official in his individual capacity. The Magistrate Judge also explained that a supervisory official may be held liable in some circumstances for constitutional injuries directly inflicted by the official's subordinates, but that a plaintiff must show (1) that the supervisory official was aware of a risk of constitutional injury and (2) was deliberately indifferent to that risk, as well as (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by Plaintiff. (ECF No. 138 at 11 (citing *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Ultimately, the Magistrate Judge found that Plaintiff "fails to demonstrate a congnizable constitutional claim against Defendant Montouth or any constitutional injury resulting from her actions." (*Id.*) Accordingly, the Magistrate Judge found that Defendants are entitled to summary judgment on Plaintiff's claims against Stirling.

Plaintiff filed objections to the Magistrate Judge's Report and a supplement to those objections. Plaintiff's filings are difficult to decipher, and for the most part, Plaintiff simply rehashes his claims and sets forth his opinions in the form of conclusory, repetitive statements such as "a reasonable jury will convict." (*See* ECF No. 143 at 1-6.) As to his failure to properly serve Defendant Burton, Plaintiff appears to assert that Defendants fabricated with the Court, but there is nothing to support this assertion. Plaintiff also asserts that Warden LeVern Cohen was supposed to have been served in Defendant Burton's place, but Plaintiff makes no mention of the fact that he named Defendant Burton in his individual capacity, and, thus, as the Magistrate Judge properly explained, Plaintiff's attempt to substitute Warden Cohen does not remedy the failure to provide proper service documents as to Defendant Burton. The Court finds these objections without merit.

Next, Plaintiff appears to rehash his arguments that the prison was understaffed and overcrowded, thereby resulting in his injuries. Importantly, however, nowhere does Plaintiff point to evidence to create a genuine issue of material fact on this issue, or to show that, subjectively, Defendants were aware of or deliberately disregarded an excessive risk of harm to Plaintiff. Plaintiff also repeatedly objects regarding the grievances he filed, but again, nowhere does Plaintiff point to any evidence to show that his grievances were not properly handled or to refute the evidence that indicates that Plaintiff was specifically informed of the steps he needed to take and the departments he needed to contact to request protective custody. As the Magistrate Judge explained, the evidence of record does not indicate that Plaintiff ever attempted to initiate a protective custody review in accordance with the instructions he was given.

In all, the Court finds that the Magistrate Judge fairly and appropriately summarized the facts and applied the correct principles of law, and the Court finds that Plaintiff's objections fail to point to any legal or factual error in the Magistrate Judge's analysis. For the reasons set forth by the Magistrate Judge and herein, the Court finds that Defendant Burton is subject to dismissal without prejudice pursuant to Rule 4(m) and that Plaintiff's claims against Defendants Montouth and Stirling fail as a matter of law. Accordingly, the Court adopts the Magistrate Judge's Report, grants Defendants' motion for summary judgment, and denies Plaintiff's motion for summary judgment.

## **CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates herein the Magistrate Judge's Report (ECF No. 138); the Court overrules Plaintiff's objections (ECF Nos. 143 and 144); the Court grants Defendants' motion for summary judgment (ECF No.

118) as to Defendants Stirling and Montouth; the Court dismisses Defendant Burton pursuant to Rule 4(m); and the Court denies Plaintiff's motion for summary judgment (ECF No. 107).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 24, 2020
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.